The Court
intimated an opinion that the sheriff was answerable to the third attaching creditor for the whole amount of goods attached at his suit; that neither the debtor nor the sheriff could appropriate the goods to satisfy the prior attachments, so as to affect the right of the third attaching creditor ; that, when the former attachments were lost, the latter remained good.[1]
*129 The cause was, by consent, submitted to arbitration, the deputy sheriff alleging that he released the goods pursuant to orders received from the plaintiffs.
The arbitrators awarded for defendant, and judgment was rendered accordingly.

 This opinion is directly sustained by Brandon Iron Co. v. Gleason, 1852, 24 Vt. 228. The same principle was applied to a different state of facts in Cole v. Wooster, 1817, 2 Conn. 203; and in Wilder v. Weatherhead, 1860, 32 Vt. 765, was applied to foreign attachments. See also Williams, C. J., in Union Man. Co. v. Pitkin, 1841, 14 Conn. 174, 182; Van Winkle v. Udall, 1841, 1 Hill, 559; Murray v. Eldridge, 1830, 2 Vt. 388; Morse v. Knowlton, 1862, 5 Allen, 41; Wilcox, J., in Goddard v. Perkins, 1838, 9 N. H. 488, 489. Richardson, C. J., in Dodge v. Griswold, 1837, 8 N. H. 425, 427, 428. Nor is this principle impugned by the later New Hampshire cases, relative to the nature of the interest acquired by an attachment; viz., Stone v. Anderson, 1853, 26 N. H. 506; Kittredge v. Warren, 1844, 14 N. H. 509, 525-527; Kittredge v. Emerson, 1844, 15 N. H. 227; Moulton v. Stowell, 1844, 16 N. H. 221; Jackson v. Smith, 1872, 52 N. H. 9, 13.
But if the first attaching creditor prosecutes his action to judgment, and takes out execution, the sheriff may not always be held liable to the last attaching creditor, on account of an irregular sale of the attached goods (not authorized by statute) during the pendency of the actions, if’ it was made under an agreement between the first attaching creditor and the debtor, that the proceeds should be held and applied in satisfaction of the judgments which might be recovered, and the amount so realized was not more than sufficient to satisfy the execution of the first creditor, and was thus appropriated. In Munger v. Fletcher, 1830, 2 Vt. 524, there were six attachments in succession. The first five attaching-creditors, with the *129 debtor’s assent, agreed to a salo belore judgment; the proceeds to be applied to the satisfaction of all the claims in the order of attachment, so far as said proceeds would reach. After the sale, judgments were recovered by all the creditors, executions seasonably issued, and the proceeds of the sale were applied pro tanto on the execution of Brock, the first attaching creditor, which they proved insufficient to satisfy. Held, that the officer was not liable to the last attaching creditor for neglect to keep the attached property. Hutchinson, J., p. 529: “ Had the avails been applied in payment of Breck’s debt, without its being perfected by a judgment, this would have been substituting an agreement for the attachment, and would have destroyed the lien. The debt of Breck, and its amount, have been established just as they would have been if no agreement had been made, and the lien kept good by his execution, and delivery of the same to the officer. . . . These creditors kept their lien good upon the property.” See also the explanation of Munger v. Fletcher given by Isham, J., in Brandon Iron Co. v. Gleason, 1852, 24 Vt. 228, 236. Compare Collins v. Brigham, 1840, 11 N. H. 420, 422, 423; and see Barker v. Barker, 1867, 47 N. H. 341, and Grant v. Lathrop, 1851, 23 N. H. 67.
Upon a state of facts very similar to Munger v. Fletcher, it was held in Rich v. Bell, 1820, 16 Mass. 294, that the last attaching creditor might maintain an action against the sheriff, but could recover only nominal damages. That part of the decision relating to the damages is questioned in Mr. Rand’s editorial note, 16 Mass. 299, n. 7. In Fairfield v. Baldwin, 1832, 12 Pick. 388, 398, Putnam, J., said, of Rich v. Bell, “ In that case the first attaching creditor preserved his lien. . . .”
In Jordan v. Gallup, 1844, 16 Conn. 536, an irregular disposition of the attached property by the officer (whereby, as explained in 16 Conn. 574, it was exonerated from the lien of the attachments) was not consented to by any of the attaching creditors; the actions were all prosecuted to judgment ; and the avails of the property, as far as received, were applied on the executions of the first attaching creditors. Held, that the last attaching creditor might maintain an action against the officer, but could recover only nominal damages. Stokbs, J., p. 548, “ As the value of the property attached in this case was less than the amount for which it was holden on the writs which were served on it prior to the plaintiffs’, it is obvious that the plaintiffs would have received no benefit from the attachment of the property, if it had been retained by the officer in his possession, and proceeded with strictly, according to law. They have therefore sustained no actual damage, by the negligence of which they complain.”